**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

**COURT FILE NO.:** 6:17-CV-264-ORL-28-DCI

| | |
|---|---|
| CHARLES SHEPHARD<br>PATRICIA PARKER<br><br>Plaintiff,<br><br>v.<br><br>PROCOLLECT, INC.<br><br>Defendants. | **VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint the Plaintiffs, CHARLES SHEPHARD and PATRICIA PARKER by and through undersigned counsel, states as follows:

**JURISDICTION**

**1.** Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(b), 15 U.S.C. § 1692k(c), 15 U.S.C. § 1692k(d), 15 U.S.C. § 1692k(e), 15 U.S.C. § 1692k(f), and 15 U.S.C. § 1692k(g), 47 U.S.C. § 227.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business in this District.

## PARTIES

4. Plaintiff, Charles Shephard is an adult individual residing in Apopka, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff, Patricia Parker, is an adult individual residing in Apopka, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. The Defendant, PROCOLLECT, INC. (hereinafter "PRO"), is a Texas business entity with an address at 12170 N. Abrams Rd, Suite 100, Dallas, TX 75243, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. PRO at all times acted by and through one or more of the Collectors, agents and/or employees.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. The Plaintiffs Charles Shephard and Patricia Parker allegedly incurred a financial obligation (the "Debt") to Orlando REO Professionals, a Residential Property Management Company. The alleged amount due, was for unpaid rent.

9. The alleged debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. Upon information and belief, Plaintiffs were not liable for any balance to Orlando REO Professionals. In fact, Orlando REO Professionals filed a lawsuit for said balance against Plaintiff. The case was voluntarily withdrawn before trial by the Creditor at the insistence of the Judge.

11. At some point after the Plaintiffs allegedly incurred the debt in question and the lawsuit against them was withdrawn, the alleged debt was purchased, assigned or transferred to PRO for collection.

12. To date, Defendant has been trying to collect a debt that neither they nor the original creditor is entitled.

13. On or about March, 2016, PRO began to collect the alleged balance due from Plaintiffs.

14. At no time was a 30 day letter sent to any Plaintiff to begin the process of collection.

15. Plaintiffs informed PRO that they did not owe a debt.

16. Plaintiff has forwarded proof of payment of the alleged debt to PRO, yet the collection efforts proceeded; in unscrupulous fashion and with complete disregard for the law and Plaintiff's rights.

17. On average, Plaintiff received two telephone calls a day from PRO for months.

18. Upon information and belief, Defendants were rude to Plaintiff, lied and/or otherwise misrepresented the consequences that may occur should Plaintiffs fail to pay the debt.

19. Prior to reposting the debt to the 3 main credit reporting agencies Defendant not investigate or properly validate the debt as required by the FDCPA nor FCRA.

20. Plaintiffs were contacted by PRO on their cell phone during work hours. Plaintiffs informed PRO that they cannot speak to them during work hours, yet they disregarded Plaintiff's requests and continued to keep them on the telephone.

21. Plaintiff Patricia Parker's Manager at her place of employment was

Contacted as well by PRO, and information regarding the debt was released to him.

22. Plaintiff Patricia Parker's father was contacted on his cell phone by PRO, and information regarding the debt was released to him.

23. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, ET SEQ.**

26. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted Plaintiffs at an unusual time and place.

28. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted Plaintiffs while at work, and after being informed by Plaintiffs that employer does not permit answering the telephone during working hours and they should call back later, PRO simply ignored Plaintiff's request and simply continued to call.

29. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants contacted Plaintiff Patricia Parker's Manager at her place of employment and disclosed privileged information.

30. The Defendants' conduct violated 15 U.S.C. § 1692(d) in that Defendant acted in a manner the natural consequence of which is to harass, oppress, or abuse. The conduct in question included the use of abusive and profane language, called approximately Two times daily, as well as placing telephone calls without divulging identity of representatives and/or company name and mailing address.

31. The Defendants' conduct violated 15 U.S.C. § 1692(e) in that representatives of PRO continuously lied and misrepresented Plaintiffs legal rights in the situation at bar.

32. The Defendants' conduct violated 15 U.S.C. § 1692(f) in that Defendants attempted to collect funds from Plaintiff and in order to do so employed various unfair practices.

33. The Defendants' conduct violated 15 U.S.C. § 1692(g) because they failed to send Plaintiffs a 30 day letter.

## COUNT II
## VIOLATIONS OF THE FCRA 15 U.S.C. § 1681, ET SEQ.

34. Defendant's conduct violated the FCRA in multiples ways, including but not limited to, the following:

35. Reporting information to credit reporting agencies with actual knowledge of errors and/or scienter in violation of 15 U.S.C. § 1681;

36. Reporting information after notice and confirmation of errors in violation of 15 U.S.C. § 1681.

37. Failing to correct and update the information provided to the credit reporting agencies in violation of 15 U.S.C. § 1681.

38. Failing to provide notice of dispute in violation of 15 U.S.C. § 1681.

39. Failing to provide notice to consumer (Plaintiff) in violation of 15 U.S.C. § 1681.

40. Failing to include a statement that the consumer may have additional rights under State law, and that the consumer may wish to contact a State or local consumer protection agency or a State attorney general (or the equivalent thereof) to learn of those rights in violation of 15 U.S.C. § 1681.

41. Failing to provide a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer in violation of 15 U.S.C. § 1681.

42. Failing to conduct an investigation with respect to the disputed information in violation of 15 U.S.C. § 1681.

43. Failing to review all relevent information provided by the credit reporting agency in violation of 15 U.S.C. § 1681.

44. Failing to report the result of its investigation to the credit reporting agency in violation of 15 U.S.C. § 1681.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and
- for an award of statutory damages pursuant to 15 U.S.C. § 1681-n.
- for an award of reasonable attorney's fees and the costs of litigation pursuant to 15 U.S.C. § 1681-n.
- for an award of actual damages pursuant to 15 U.S.C. § 1681-n.
- for an award of actual damages pursuant to 15 U.S.C. § 1681-o.
- for an award of attorney's fees and costs of litigation pursuant to 15 U.S.C. § 1681-o.
- for such other and further relief as may be just and proper

Dated: January 6, 2017

Respectfully submitted,

**/s/ Mikhail Usher**

---------------------------------------

Mikhail Usher, Esq.
USHER LAW GROUP P.C.
Attorneys for Plaintiff
2711 Harway Avenue
Brooklyn, New York 11214
Telephone: (718) 484-7510
Facsimile: (718) 865-8566
musheresq@gmail.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
) ss
COUNTY OF Orange )

Plaintiff PATRICIA PARKER, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Patricia Parker
PATRICIA PARKER

Subscribed and sworn to before me
this 12 day of Jan, 2017.

[signature]
Notary Public

HAROLD J OGG
MY COMMISSION #FF066614
EXPIRES October 28, 2017
(407) 398-0153 FloridaNotaryService.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
) ss
COUNTY OF Orange )

Plaintiff CHARLES SHEPHARD, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

CHARLES SHEPHARD

Subscribed and sworn to before me
this 12 day of Jan, 2017.

Notary Public

HAROLD J OGG
MY COMMISSION #FF066614
EXPIRES October 28, 2017
(407) 398-0153 FloridaNotaryService.com